IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL MILLIGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  09-cv-320-JPG-CJP |
| | ) |
| | ) |
| BOARD OF TRUSTEES, SOUTHERN | ) |
| ILLINOIS UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Samuel Milligan's objection (Doc. 52) to the bill of costs filed by defendant Board of Trustees of Southern Illinois University ("SIU Board") (Doc. 50).  The SIU Board requests costs in the amount of $3,984.15 attributable to expenses incurred to obtain deposition transcripts necessary to the defense of this case.  Milligan asks the Court to decline to award costs because of his indigence.

Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on fourteen days' notice.  Fed. R. Civ. P. 54(d)(1).  The Court may then review the Clerk's action within the following seven days.  *Id.*  The Court presumes that a prevailing party is entitled to costs as a matter of course, *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000), but has the discretion to deny or reduce costs where warranted, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  A reduction or denial of costs may be appropriate, for example, where a non-prevailing party is indigent and his suit is not frivolous.  *See Rivera v. City of Chi.*, 469 F.3d 631, 634-35 (7th Cir. 2006) (citing *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983)).  In deciding whether to hold an indigent party liable for costs, the Court

should examine the party's income, assets and expenses and make a threshold finding whether the losing party is incapable of paying the costs at the present time or in the future. *Rivera*, 469 F.3d at 635. The Court should also consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* The exception to the cost-shifting presumption for indigent losing parties is narrow, and the burden is on the losing party to show he fits within the exception. *Id.* at 636. If the Court reduces or denies costs, it must explain its decision. *Krocka*, 203 F.3d at 518.

      A reduction of the costs award is warranted in this case based on Milligan's indigence. As a student, Milligan's income for the past two years has been around $1,500 to $2,000 per year, in combination, less than the costs the SIU Board has requested. He also has no assets of any value. It is true that Milligan's mother pays for much of his current educational and living expenses while he is a student, so his financial demands are minimal. It is also true that at some point in the future, after he graduates from college and finds full-time employment, Milligan is likely to have a substantially higher income. However, he is also likely to have substantially higher expenses as well when he is out on his own and his mother no longer supports him financially. Considering all this, the Court believes Milligan's income of less than $200 per month on average currently renders him indigent and unable to pay $3,984.15 in costs at the present time. This indigence is likely to continue for as long as Milligan remains a student, which he is likely to be for another year and a half, or even longer if he attends graduate school as he plans to do. The prospect that some years from now Milligan may have a substantially increased income – along with substantially increased living expenses – is not enough for the Court to find him capable of paying $3,984.15 in costs in the foreseeable future.

The Court also notes that Milligan clearly brought this lawsuit in good faith, seeking compensation for humiliations caused to him and to avoid similar humiliations that might be caused to others in the future by Cal Meyers' behavior.  While the Court's rejection of his claims was based on multiple, alternative grounds, each ground presented a debatable question, and each required examination of issues that were not simple.  The case was clearly not frivolous.  Finally, the Court notes the magnitude of the costs requested compared to Milligan's income and does not feel it is equitable to require Milligan to pay more than two years of his income in costs.

Nevertheless, the Court feels Milligan should pay some costs.  The SIU Board was put to great expense to defend this lawsuit, which in the long run ended up being without merit.  Milligan should bear at least some of the prevailing party's costs as contemplated by Federal Rule of Civil Procedure 54(d).  The Court finds that it is equitable to tax costs against Milligan in the amount of the charge for his own deposition:  $1,200.15.  In light of Milligan's future earning potential, this award would not be too onerous.  Accordingly, the Court **DIRECTS** the Clerk of Court to **TAX COSTS** against Milligan in the amount of $1,200.15.

**IT IS SO ORDERED.**
**Dated:  July 28, 2010**

                                                         s/ J. Phil Gilbert
                                                        **J. Phil Gilbert**
                                                        **U.S. District Judge**