IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL MILLIGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  09-cv-320-JPG-CJP |
| ) | |
| ) | |
| BOARD OF TRUSTEES, SOUTHERN ) | |
| ILLINOIS UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Samuel Milligan's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 53) seeking reconsideration of the Court's June 30, 2010, order and judgment (Docs. 48 & 49) granting the motion for summary judgment filed by defendant Board of Trustees of Southern Illinois University ("SIU Board") (Doc. 36).  The SIU Board has replied to that response (Doc. 56).  Milligan also seeks leave to file additional authority in support of his motion to alter or amend the judgment (Doc. 57).  The Court assumed the reader's familiarity with its original order and will not recount its details here.

The Court will deny the motion for leave to file supplemental authority;  the authority tendered represents no new proposition of law and no new application of fact necessary or helpful to the resolution of this case.  It merely presents one example of a factual situation that a jury could find constitutes a hostile work environment.  The Court has already surveyed that terrain in depth in its original order.

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures.  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see*

*Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

Milligan argues that the Court made manifest errors of law and fact in its order granting summary judgment:

- Milligan complains that the Court improperly determined that no reasonable jury could find Meyers' conduct toward Milligan was a result of sexual stereotyping. Milligan has not convinced the Court that it made an error of law or fact in reaching this conclusion. Furthermore, Milligan's motion rehashes arguments he already made or advances new arguments he could have but did not make in his original response to the summary judgment motion. Finally, Milligan does not contest the Court's dispositive conclusion that Meyers harassed men *and* women.

- Milligan disagrees with the Court's assessment that no reasonable jury could find Milligan's work environment was objectively hostile. Milligan has not convinced the Court that it made an error of law or fact in reaching this conclusion. Furthermore, Milligan's motion rehashes arguments he already made or advances new arguments he could have but did not make in his original response to the summary judgment motion.

- Milligan complains that the Court, in finding Milligan suffered no concrete negative effects on his educational experience, did not consider whether Milligan was deprived of the educational opportunity to meet role models and secure employment references. On the contrary, the Court did consider this argument, although it did not specifically mention it, when it came to the conclusion that Milligan was not foreclosed from any educational opportunity at SIU. Indeed, there is no evidence Milligan could not have met role models or secured employment references as a result of Meyers' conduct. Milligan has not convinced the Court that it made an error of law or fact in reaching this conclusion. Furthermore, Milligan's motion rehashes arguments he already made or advances new arguments he could have but did not make in his original response to the summary judgment motion.

- Milligan disagrees with the Court's conclusion that SIU's response to Meyers' conduct was prompt and reasonable. Milligan faults the Court for considering one piece of alleged hearsay regarding Meyers' harassment of an unidentified female student, but that evidence was not critical to the Court's decision in light of the clear evidence of Meyers conduct toward

Christian.[1]  Milligan has not convinced the Court that it made an error of law or fact in reaching this conclusion.  Furthermore, Milligan's motion rehashes arguments he already made or advances new arguments he could have but did not make in his original response to the summary judgment motion.

Rather than pointing to manifest errors of law or fact made by the Court, Milligan's motion really does no more than express disagreement with how the Court resolved certain questions based on the evidence in the record.  Relief is not warranted under Rule 59(e) simply because Milligan disagrees with the Court's conclusions.  Those arguments are better made to the Court of Appeals.

For the foregoing reasons, the Court **DENIES** Milligan's motion for leave to file supplemental authority (Doc. 57) and **DENIES** Milligan's motion to alter or amend the judgment (Doc. 53).

**IT IS SO ORDERED.**
**Dated:  November 16, 2010**

                                            s/ J. Phil Gilbert
                                            **J. Phil Gilbert**
                                            **U.S. District Judge**

---

[1] Incidentally, Meyers' harassment of Christian was the basis for finding Meyers was an equal opportunity harasser, a finding that obviates the need under Title VII and Title IX for SIU responded promptly and reasonably.